

# THE ATTORNEY GENERAL

## OF TEXAS

### AUSTIN 11, TEXAS

Overruled by WW 569

**WILL WILSON**
ATTORNEY GENERAL

August 14, 1957

Honorable Fred P. Holub
County Attorney
Matagorda County
Bay City, Texas

Opinion No. WW-115

Re: Does a registered pro-
fessional engineer
under the provisions
of Article 3271a Ver-
non's Civil Statutes
have the same authority
as a surveyor under
Article 5282a, Vernon's
Civil Statutes, to make
and file a subdivision
plat for approval by the

Dear Mr. Holub:

Commissioner's Court.

We have received your letter reading as follows:

"I would like to have the benefit of
your opinion on the question of whether an
engineer under the provisions of Art. 3271-a,
VCS, has the same authority as a surveyor
under the Registered Public Surveyors Act
of 1955 (Art. 5282a V.A.C.S.) in regard to
the making and filing of sub-division plats
for approval by the Commissioner's Court.

"While I am confident that a surveyor
may sub-divide land and file a plat of a
sub-division, I am wondering whether or not
an engineer has the authority to do so.
Under Section 2, Art. 3271-a, VCS, the prac-
tice of professional engineering is defined
and under Section 15 of said article "plats"
are mentioned but perhaps the term "plats" as
used in said Section 15 relates to reports as
made by registered engineers in their work,
such as the installation of a sewer system
and in making a report thereon, a plat could
be made of the proposed system and attached
to the report as an exhibit."

We presume that by the expressions "under the
provisions of Article 3271-a" and "under the registered
public surveyors act" you mean persons who are

registered under those Acts, and we, therefore, answer your question accordingly.

Article 6626, V.A.C.S., which provides what instruments may be filed by the County Clerk provides in part as follows:

> ". . . provided, however, that in cases of subdivision or re-subdivision of real property no map or plat of any such subdivision or re-subdivision shall be filed or recorded unless and until the same has been authorized by the Commissioners Court of the county in which the real estate is situated by order duly entered in the minutes of said Court, except in cases of the partition or other subdivision through a court of record; provided that where the real estate is situated within the corporate limits or within five miles of the corporate limits of any incorporated city or town, the governing body thereof or the city planning commission, as the case may be, as provided in Article 974a, Vernon's Texas Civil Statutes, shall perform the duties hereinabove imposed upon the Commissioners Court. (As amended Acts 1951, 52nd Leg., p. 745, ch. 403 § 1.")

The above portion of Article 6626 was added as an amendment to Article 6626 R.C.S. by an Act of 1951. This was the first time that the Commissioner's Court is required to authorize a plat before it could be filed for record. Previous Acts pertain only to the authority of city officers as shown in Chapter 231, page 342, Acts of the 40th Legislature, 1927, which is carried forward as V.A.C.S. Article 974a and V.P.C. Article 427b.

None of these statutes says who shall or shall not be authorized to make a plat of a subdivision. Prior to the adoption of the Registered Public Surveyors Act of 1955, 54th Legislature, page 864 (footnote 1), there is no question that anyone could make and present a plat for approval, whether a registered engineer or registered surveyor. Whether the Commissioner's Court may or may not be authorized to approve a plat unless made by a person registered under some law which authorizes him to make such plat, it is clear that a surveyor registered under the above mentioned Surveyors Act may make such plat to be presented to the Commissioner's Court or city

officials. Since the Surveyors Act of 1955 exempts "registered professional engineers when practicing his profession as authorized by law" from the requirements of Article 5282a there is no question that such engineer may also prepare and file plats for approval, and he, therefore, has the same power in such respect as a registered surveyor.

It is not necessary to pass on any question as to whether the Commissioner's Court or city officials may or should refuse to consider a plat unless made by a surveyor or a person exempt from the Surveyors Act. All that it is necessary to hold in answer to your question is that a registered professional engineer when practicing his profession as authorized by law is authorized to prepare plats of subdivisions of real estate and that the plats can be submitted to the Commissioner's Court or city officials for approval.

## SUMMARY

A Registered Professional Engineer registered under Article 3271-a V.A.C.S. when practicing his profession as authorized by law is authorized to make a plat of a subdivision of real estate to be presented to the Commissioner's Court for approval for filing.

Very truly yours,

WILL WILSON
Attorney General of Texas

By H. Grady Chandler
Assistant

HGC:jas

REVIEWED FOR THE ATTORNEY GENERAL
BY: George P. Blackburn

---

1.

This Act (Article 5282a V.A.C.S.) in Section 2 defines a registered public surveyor as "a

person engaged in the practice of public surveying as defined in this Act, and who is registered as provided for herein."

The same section defines public surveying as the science or practice of land measurement and practiced as a profession or service available to the public generally for compensation, and among other things "the preparation of maps showing the boundaries and areas of the subdivision of tracts of land into smaller tracts."

A public surveyor is defined as one who is employed as a surveyor or who holds himself out to the public as such.

Section 3 of the Act provides that the Act shall not apply to certain persons including "(c) registered professional engineer when practicing his profession as authorized by law".

Other sections provide for the creation of a Board to register public surveyors, and for the powers and duties of the Board, for qualifications for registration, and for revocation and reissue of licenses.

Section 8 of the Act provides criminal penalties for anyone who shall practice or offer to practice the profession of public surveying without being registered or exempted in accordance with the provisions of this Act.

Section 11 among other things provides that the registration under the Act shall not qualify the registrant to conduct surveys of public lands under Article 5299 R.C.S. nor to make surveys, the field notes of which are to be filed in the General Land Office of Texas.